FARMERS FEDERATION, INC., v. W. S. LOCKMAN, JR.

(Filed 11 December, 1929.)

**1. Attachment A b—Attachment will lie against property of nonresident defendant in action on contract.**

In an action to recover a judgment for breach of contract attachment against the defendant's property situated in this State may be issued when it is made to appear that the defendant is a nonresident of this State.

**2. Same—In this case held: finding that defendant was nonresident was supported by the evidence.**

Where the complaint and affidavit in attachment in an action allege that the defendant is a nonresident of this State, which the defendant does not deny either in his answer or affidavit, it is sufficient to support a finding of fact by the trial court that the defendant was a nonresident of this State, and the fact that the defendant owned a home here in which he and his family spent a part of their time is not inconsistent therewith. C. S., 798, 799.

APPEAL by defendant from *Schenck, J.*, at August Special Term, 1929, of HENDERSON. Affirmed.

*Ray, Redden & Redden for plaintiff.*
*Joseph W. Little for defendant.*

ADAMS, J. The plaintiff brought suit to recover a judgment for $490.09, and on 24 July, 1929, caused a warrant of attachment to be levied on personal property owned by the defendant. On 29 August, 1929, the defendant filed an affidavit and made a motion to vacate the warrant of attachment. The motion was denied first by the clerk and afterwards, on the defendant's appeal, by Judge Schenck, who found the following facts:

1. The defendant is a nonresident of the State of North Carolina, it being admitted that the defendant is a resident of the State of Florida, and was at the time of the issuing of the summons and warrant of attachment in this cause, and is now, a resident of the State of Florida.

2. The defendant is the owner of both real and personal property located in Henderson County, some personal property of the defendant being attached in this cause, but no real estate is attached.

3. At the time of the issuing of the summons in this cause and the warrant of attachment the defendant was occupying his house upon his property in Henderson County, as well as since the 10th day of July, 1929, and that summons and warrant of attachment were personally served upon the defendant while so occupying his house on said property,

on 24 July, 1929, and that said defendant is now occupying his house on said property with his family.

4. Defendant has filed answer in this cause, entering a special appearance as to the warrant of attachment.

A warrant of attachment against the property of a defendant may be granted when the action is instituted to recover a judgment for breach of contract and the defendant is a nonresident of the State. C. S., 798, 799. The defendant excepted to the finding that he is a nonresident of North Carolina on the ground that it is not supported by the evidence. We think the finding is supported by the evidence. The warrant recites as appearing by the plaintiff's affidavit that the defendant is a nonresident of the State of North Carolina, and in the complaint it is alleged that the defendant is a resident of the State of Florida and the city of West Palm Beach. These allegations are not denied either in the answer or in the affidavit of the defendant. The statement that he owns a farm in Henderson County and lives there a part of the time is not inconsistent with the fact that he is not a resident of the State. The judge finds upon sufficient evidence that the defendant is a nonresident of this State and that it is admitted that he is a resident of the State of Florida. Authority need not be cited to sustain the proposition that this finding is conclusive. Judgment

Affirmed.